UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:                              )
                                    )
THOMAS O. EIFLER, SR.               )          CHAPTER 11
                                    )
        Debtor                      )          CASE NO. 17-31862
                                    )

**EXPEDITED MOTION TO TERMINATE THE AUTOMATIC STAY FOR
CERTAIN STATE COURT ACTIONS INVOLVING ARDIS E. GREENAMYER II**

Comes now the Debtor, Thomas O. Eifler, Sr. (the **"Debtor"**), by counsel, and moves the

Court to terminate the automatic stay for certain actions and proceedings that are ongoing in the

Jefferson County Circuit Court and the Kentucky Court of Appeals by and between the Debtor,

Ardis E. Greenamyer II (**"Greenamyer"**) for the purpose of liquidating the claim, but not for

purposes of collection. Prior to the petition date, Greenamyer and the Debtor, along with other,

non-debtor parties, have been involved in litigation since 2009. This includes an action in the

Jefferson Circuit Court, *Greenamyer v. Eifler Tower Crane Co. LLC*, Case Number 09-CI-001166

(the **"Circuit Court Case"**), and two actions in the Kentucky Court of Appeals, *Eifler v.*

*Greenamyer*, 2017-CA-000079 (the **"Debtor's Appeal"**), and *Eifler v. Greenamyer*,[1] 2017-CA-

000434 (the **"Second Appeal"** and together with the Circuit Court Case and the Debtor's Appeal

the **"State Court Actions"**). The Court should terminate the automatic stay to permit the Debtor

to liquidate Greenamyer's claim in the State Court Actions.

## Introduction

This case arose out of a contract dispute between Greenamyer and the Debtor's son Thomas

O. Eifler, *Jr.* (**"Eifler, Jr."**) over a crane and hoist rental business they allegedly jointly formed

---

[1] Despite the case style, the appellant in this action is a different Eifler.

and operated. The Debtor was not a party to that contract and had no role in the crane and hoist business. Nevertheless, Greenamyer also named the Debtor as a defendant on tort, conspiracy, and punitive damages claims alleged in the Circuit Court Case. Following a jury trial and a verdict in favor of Greenamyer, the Jefferson Circuit Court entered a judgment against Eifler, Jr. and the Debtor. Both timely filed post-trial motions, which resulted in the Jefferson Circuit Court correcting the judgments against both the Debtor and Eifler, Jr. to accurately reflect the jury's verdict, but otherwise denying the motion to set aside the judgment or order a new trial. This resulted in a $5,038,000 judgment against the Debtor, which is now on appeal. The Jefferson Circuit Court denied Debtor's motion to reduce or eliminate the supersedeas bond requirement, and Debtor was unable to post a supersedeas bond to stay execution of that multi-million judgment pending appeal.

While Debtor's motion to reduce or eliminate the bond requirement was pending, Greenamyer began garnishing the Debtor's accounts. Ultimately, Greenamyer collected approximately $42,000 from two of the Debtor's accounts, with other garnishments pending. The Debtor was then forced to seek bankruptcy relief.

## Background

Greenamyer originally filed a pro se complaint against the Debtor and others. The complaint was initially dismissed, but later reinstated on a motion for reconsideration. Greenamyer then retained counsel, who amended the complaint to allege: (1) breach of oral and written contract (¶¶2-7); (2) promissory estoppel (¶¶8-10); (3) fraud (¶¶11-13); (4) quantum meruit (¶¶14-16); (5) conversion (¶¶17-19); (6) wage and hour claims (¶¶20-23); (7) breach of fiduciary duty (¶¶24-27); (8) tortious interference with contractual and prospective contractual relationships (¶¶28-32); and

(9) punitive damages (¶¶33-34). *See* Greenamyer's First Amended Complaint, attached hereto as Exhibit A. All of these claims are state law causes of action.

The First Amended Complaint mentions the Debtor only once, alleging that he "aided and abetted Eifler, Jr. in his breach of fiduciary duties owed to the Plaintiff…." (*Id.* at ¶ 26). At trial, the Jefferson Circuit Court dismissed all claims alleging breach of fiduciary duties.

The Debtor played a minimal role—at best—in the dispute between Eifler, Jr. and Greenamyer. Greenamyer alleged that the Debtor served as the "grantor" of a "Delaware Dynasty Trust" that was created to hold the assets of the disputed crane and hoist businesses (allegedly so that Greenamyer could shield those assets from a former business partner who was suing him and Eifler, Jr. could shield them during a potential divorce proceeding). The Debtor's only action as "grantor" was to make an initial deposit of $5,000, which was almost immediately returned to him. In addition, Greenamyer alleges that during an argument, the Debtor ordered him to leave the premises where the crane and hoist business operated (which was in fact the Debtor's place of business), and threatened to have him arrested if he did not do so. Greenamyer left the building, only to return to work there *the very next day*.

The jury ultimately found for Greenamyer and awarded him damages against both Debtor and Eifler, Jr. The amended Judgment against Debtor awarded damages in the following amounts:

(1) breach of oral and written contract: $0
(2) promissory estoppel: $0
(3) fraud: $0
    a. civil conspiracy: $572,000, jointly and severally with Eifler, Jr.
(4) quantum meruit: $0
(5) conversion: $0
(6) wage and hour claims: $0
(7) breach of fiduciary duty: $0
    a. aiding and abetting a breach of fiduciary duty: $572,000
(8) tortious interference with contractual and prospective contractual relationships

      a. tortious interference with contract: $572,000
      b. tortious interference with prospective contractual rights: $572,000
(9) punitive damages:
      a. punitive damages for tortious interference: $750,000
      b. punitive damages for fraud: $2,000,000

The Debtor and Eifler, Jr., filed separate appeals. When Greenamyer began garnishing the Debtor, this proceeding followed.

## Argument

The Court should grant relief from the automatic stay for the State Court Actions to the extent the automatic stay applies to them in order to permit the State Court Actions to continue the appellate process. The automatic stay does not apply to the claims against the non-debtors. *See In re Delta Air Lines*, 310 F.3d 953, 956 (6th Cir. 2002) (citing *Parry v. Mohawk Motors of Michigan*, Inc., 236 F.3d 299, 314 (6th Cir. 2000), *cert. denied*, 533 U.S. 951 (2001); *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1198 (6th Cir. 1983)) ("In the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants."). The automatic stay would apply to Greenamyer's claim versus the Debtor, which it may no longer collect.

The Debtor requests the Court enter an Order holding that the automatic stay does not apply to the State Court Actions to the extent they are against other parties than the Debtor and to terminate the automatic stay to permit the appellate phase to liquidate the allowance and amount of Greenamyer's claim.

The Debtor has separately moved the Court for abstention with respect to all of the State Court Actions, and for the reasons stated therein, the Court should grant relief from the automatic stay.

## Conclusion

For the foregoing reasons, the Debtor respectfully requests the Court enter an Order terminating the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to permit the State Court Actions to proceed to final judgment, while reserving for the Court's determination the enforcement of any judgment against the Debtor.

Respectfully submitted,

/s/ James E. McGhee III
CHARITY B. NEUKOMM
JAMES E. MCGHEE III
KAPLAN & PARTNERS LLP
710 West Main Street
Fourth Floor
Louisville KY 40202
Telephone: 502-540-8285
Facsimile: 502-540-8282
E-mail: cneukomm@kplouisville.com
E-mail: jmcghee@kplouisville.com
*Proposed Counsel for Debtor*

## CERTIFICATE OF SERVICE

It is hereby certified that on June 15, 2017 a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) mailed to the mailing matrix filed with the Court.

/s/ James E. McGhee III
JAMES E. MCGHEE III